**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

| | |
|---|---|
| **CHARLES ALEXANDER/RYAHIM ADC #111057,** | * * * |
| **Plaintiff** | * |
| v. | *  Case No. 5:03CV00049 JMM |
| | * |
| **SGT. DANIELS,** *et al.*, | * * |
| **Defendants** | * * |

## ORDER

Pending before the Court is the Arkansas Department of Correction (ADC) defendants' motion for a judgment on the pleadings (docket entry #364). The plaintiff—incarcerated at the ADC Varner Supermax Unit—filed this action (docket entry #1) pursuant to 42 U.S.C. § 1983 alleging violation of his constitutional rights. The ADC defendants assert that the plaintiff has failed to state claims upon which relief can be granted. The motion (docket entry # 364) is granted in part and denied in part.

**I.    Background**

The plaintiff's allegations were extensively reviewed in the Partial Proposed Findings and Recommended Disposition (docket entry # 184) following an evidentiary hearing held on May 5, 2005, and will not be revisited herein.

The Court previously entered an order on November 30, 2006, (docket entry #414) adopting the magistrate judge's Partial Report and Recommendations (docket entry # 409) and dismissing deliberate indifference claims against separate defendants Alexander, Copeland, and Simmons. The

remaining ADC defendants[1] filed this pending motion for judgment on the pleadings (docket entry # 364) on August 11, 2006.

## II.     Law and Analysis

A motion for judgment on the pleadings is governed by the same standards that apply to motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and will be granted "only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheur v. Rhodes*, 416 U.S. 232, 236 (1974). Allegations of the complaint should be construed favorably to the pleader. *Id*. However, the complaint must contain facts which state a claim as a matter of law and must not be conclusory. *Briehl v. General Motors Corp*., 172 F.3d 623, 627 (8th Cir. 1999) (citing *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995).

### A.     Eleventh Amendment Immunity

The ADC defendants contend that the official capacity claims against them are barred because a person sued in his/her official capacity is not a "person" for purposes of 42 U.S.C. § 1983, and that the State's sovereign immunity serves to bar such claims as they are in effect a suit against the State itself. The law is well established that a civil litigant cannot obtain monetary damages on a claim brought against a state actor in their official capacity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989); *Alabama v. Pugh*, 438 U.S. 781 (1978). Accordingly, the plaintiff's claims for monetary damages asserted against the ADC defendants in their official capacities are dismissed.

---

[1] Tammy Courtney, Sandra Bonner, Ricky Bateman, Clarence Bass, Robert Clark, Kenton King, Johnny Gibson, Max Mobley, Veronica Clark, Saundra Griddine, and Lois Frasure Young

### B.     Qualified Immunity

The Court must accept the factual allegations in the Complaint as true in deciding the defendants motion to dismiss. Additionally, because qualified immunity is an affirmative defense, when the defense is asserted in a motion to dismiss, dismissal is proper only when the immunity is established on the face of the complaint. *Weaver v. Clarke*, 45 F.3d 1253 (8th Cir. 1995). The question of qualified immunity involves a two-step analysis. First, the Court must determine whether the plaintiff has alleged the violation of a constitutional right. *Id*. Second, the Court must determine whether that right was clearly established at the time of the alleged violation. *Id*. The plaintiff has stated claims for constitutional violations, and the rights at issue in this suit were clearly established at the time of the incidents. Accordingly, the defendants qualified immunity argument is unavailing at this point.

### C.     Failure to protect

The ADC defendants' motion contends—without application to specific defendants— that the plaintiff has failed to allege sufficient facts to support his failure to protect claim. In essence, the defendants cite cases related to inmate–on–inmate attacks and argue that the attack by ADC prison guards was a surprise attack that the defendants responded to in a reasonable manner.

A prisoner may assert an Eighth Amendment claim against prison officers who fail to intervene on the prisoner's behalf when the prisoner is attacked by another correctional officer. *See Buckner v. Hollins*, 983 F.2d 119 (8th Cir. 1993) and *Burgess v. Moore*, 39 F.3d 216 (8th Cir. 1994). The question is whether the officer's inaction amounts to deliberate indifference to a substantial risk of serious harm to the prisoner. *See Buckner*, 983 F.3d at 121 and *Estate of Davis v. Delo*, 115 F.3d 1388, 1394 (8th Cir. 1997). An officer's liability is dependent on whether there was time to intervene. *Putnam v. Gerloff*, 639 F.2d 415 (8th Cir. 1981).

The plaintiff stated a claim for failure to protect, and the facts viewed in a light most favorable to the plaintiff would provide a basis for a jury to conclude that the defendants observed fellow officers using excessive force against the plaintiff, had opportunity to intervene, but failed to do so.

**D.    Deliberate indifference to serious medical needs**

The separate ADC Defendants argue that the plaintiff has failed to allege facts that support a claim of deliberate indifference to serious medical needs on the part of mental health counselor Veronica Clark and Deputy Director Max Mobley.

Deliberate indifference by prison personnel to an inmate's serious medical needs violates the inmate's Eighth Amendment right to be free from cruel and unusual punishment. *Estelle v. Gamble,* 429 U.S. 97, 104-05 (1976); *Taylor v. Turner*, 884 F.2d 1088, 1089-90 (8th Cir.1989). This principle extends to an inmate's mental-health-care needs. *Smith v. Jenkins*, 919 F.2d 90 (8th 1990).

An Eighth Amendment claim that prison officials were deliberately indifferent to the medical needs of inmates involves both an objective and a subjective component. *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997) . *See also Farmer v. Brennan,* 511 U.S. 825, 114 (1994). Plaintiffs must demonstrate (1) that they suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs. *Coleman,* 114 F.3d at 784. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.' " *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "[T]he failure to treat a medical condition does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge." *Long v. Nix*, 86 F.3d 761, 765 (8th Cir.1996). As long as this threshold is not crossed,

inmates have no constitutional right to receive a particular or requested course of treatment. *Id.*

The plaintiff claims in his second amended complaint (docket entry #220-1) that he experienced "countless sleepless nights due to the recurrence of nightmares and continued thoughts of suicide until approximately August 30, 2002," because Veronica Clark exercised deliberate indifference to his "extreme medical needs by refusing to give any counseling, medication, or perform any analysis" so that he could receive "adequate medical and mental health remedies."

The plaintiff submitted requests for interviews and counseling with mental health counselor defendant Clark on June 19, 2002, and July 12, 2002. He claimed that his nightmares resulted from the June 9, 2002 incident with prison staff. When interviews with defendant Clark were not scheduled, the plaintiff filed a grievance (VSM02-3029) against her for her failure to perform counseling to diagnose and determine whether his nightmares were a threat to his safety and good health.

The unit warden responded to the grievance and found it without merit because mental health staff visited isolated inmates confined to the Varner Supermax unit three times a week, and he was able to seek counseling during those visits if he desired. The plaintiff stated in his second amended complaint (docket entry #220-1) that he appealed this response to ADC Deputy Director Max Mobley on August 19, 2002, "requesting that Dr. Mobley have Veronica Clark prescribe sleeping pills and provide counseling" for his nightmares and thoughts of suicide. Defendant Mobley also found the grievance without merit based upon the availability of thrice-weekly counseling opportunities at the Varner Supermax unit.[2]

The plaintiff's pleadings show that his deliberate indifference claim against defendants

---

[2]The plaintiff attached copies of grievances to the pleadings cited above and made them part of his second amended complaint.

Veronica Clark and Max Mobley is an argument for a specific course of treatment that he desired for his alleged serious medical condition, rather than the treatment provided by the defendants. Disagreement as to the proper course of treatment is not actionable under the Eighth Amendment. *Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995); *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir.); *Smith v. Marcantonio*, 901 F.2d 500, 502 (8th Cir. 1990).

### E. Injunctive relief

The plaintiff requested in his complaint a preliminary injunction transferring him to another prison to avoid future retaliation. A court analyzes a request for preliminary injunctive relief under the standard set forth in *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). The court weighs: (1) the threat of irreparable harm to the movant; (2) the state of the balance between the harm and the injury that granting the injunction will inflict on the other parties; (3) the probability that the movant will succeed on the merits; and (4) the public interest. *See id.* While no one factor is dispositive, absent a finding of irreparable injury, a preliminary injunction should not be issued. *Modern Computer Sys., Inc. v. Modern Banking Sys., Inc.*, 871 F.2d 734, 738 (8th Cir. 1989). The Eighth Circuit has stated that, "injunctive force may be unleashed only against conditions generating a presently existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights, be those rights protected by statute or by the common law." *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982) (*quoting Holiday Inns of Am. v. B & B Corp.,* 409 F.2d 614, 618 (3rd Cir. 1969)). Moreover, "in the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison conditions.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (*quoting Rogers v. Scurr,* 676 F.2d 1211, 1214 (8th Cir. 1982)).

The possibility of future harm is purely speculative at this point, pending trial. Accordingly, the plaintiff has not satisfied the irreparable harm element of the *Dataphase* standard and a transfer is denied at this time.

### III. CONCLUSION

In accordance with the above IT IS, THEREFORE, ORDERED that the ADC defendants' motion for judgment on the pleading (docket #364) is GRANTED in part and DENIED in part:

1. Plaintiff's claims for monetary damages against the defendants in their official capacities be DISMISSED

2. Plaintiff's claims against defendants Max Mobley and Veronica Clark are DISMISSED with prejudice.

3. Plaintiff's demand for injunctive relief is DENIED.

4. Plaintiff's remaining federal constitutional claims against ADC defendants Tammy Courtney, Sandra Bonner, Ricky Bateman, Clarence Bass, Robert Clark, Kenton King, Johnny Gibson, Saundra Griddine, and Lois Frasure Young will proceed to jury trial.

IT IS SO ORDERED this __4__ day of January, 2007.

_____
UNITED STATES DISTRICT JUDGE