IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | |
|---|---|
| CHARLES ALEXANDER/RYAHIM ADC #111057, | * * * |
| Plaintiff | * |
| v. | * Case No. 5:03CV00049 JMM |
| SGT. DANIELS *et al.*, | * * |
| Defendants | * * |

**ORDER**

Pending before the court is the *pro se* plaintiff's motion (docket entry #340) to vacate or alter the Court's order of July 17, 2006 (docket entry #324). The plaintiff challenges the ruling by alleging that the Court acted as part of a "chain conspiracy" in collusion with the attorneys for the defendants. Alternatively, the plaintiff requests "immediate review and action under the All Writ's Act, 28 U.S.C. 28 § 1651 via mandamus."

The Court properly considered the plaintiff's motions in making the determinations found within the July 17, 2006 Order. The plaintiff's objections are frivolous on their face. For example, in addition to his allegations of the Court engaging in a "chain conspiracy" against him, the plaintiff specifically objected to the Court's denial of his *pro hace vice* motion seeking to allow another inmate to assist him in preparation and presentation of his case (docket entry #310). The Court properly rejected the motion because the inmate is not a licensed attorney as required by Local Rule 83.5(d).

Additionally, the plaintiff's request, in the alternative, for review "via mandamus" pursuant to the All Writs Act is without merit.[1] The All Writs Act is "a residual source of authority to issue

writs that are not otherwise covered by statute." *United States v. Noske*, 235 F.3d 405, 406 (8th Cir. 2000). Mandamus is an extraordinary remedy, available only in extraordinary circumstances, such as those amounting to judicial usurpation of power). *See In re MidAmerican Energy Co.*, F.3d 483, 486 (8th Cir. 2002). Mandamus will only be granted if the petitioner shows "(1) the presence of a novel and significant question of law; (2) the inadequacy of other available remedies; and (3) the presence of a legal issue whose resolution will aid in the administration of justice." *See In re United States*, 10 F.3d. 931, 933 (2d Cir. 1993). Moreover, the ultimate purpose of mandamus is to prevent evasion of an appellate court's prior mandates by a lower tribunal. *In re MidAmerican Energy Co.*, 235 F.3d at 486. The plaintiff's petition wholly fails to meet any of the relevant conditions which would make mandamus an applicable remedy.

Accordingly, the plaintiff's motion (docket entry #340) to vacate the Court's July 17, 2006 Order is DENIED.

IT IS SO ORDERED, this 12 day of January, 2007.

James M. Moody
UNITED STATES DISTRICT JUDGE

[1] The All Writs Act provides in pertinent part: "The Supreme Court and all courts established by the Acts of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law" 28 U.S.C. § 1651(a).