IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHARLES ALEXANDER/RYAHIM                                              PLAINTIFF

VS.                         CASE NO. 5:03CV00049 JMM
                                  5:03CV00386 JMM
SGT. DANIELS, ET AL.                                                 DEFENDANTS

**ORDER**

Plaintiff filed two complaints concerning three incidents in which he made excessive force, failure to protect, denial of medical treatment, and denial of due process claims. These two complaints were consolidated in November of 2003. All of plaintiff's claims have been either dismissed, resulted in default judgments, or resulted in jury verdicts except a due process claim against Robert Clark. This claim was severed from the January 16, 2007 jury trial. Based upon the following, plaintiff's claim against Clark is dismissed and the Clerk of the Court is directed to close the above styled cases.

Plaintiff's claim is based upon disciplinary convictions resulting from an incident occurring on June 9, 2002 in which he claims two guards used excessive force in removing him from his cell. As a result of this incident, plaintiff was given a major disciplinary based upon a finding that he struck the officer with his head and also spit on the officer.

Plaintiff contends that his due process rights were violated because (1) Clark refused to either look at the tapes or instruct the hearing officer to review the tapes of the incident which plaintiff contends would have proved that he did not head-butt or spit on the officers and (2) Clark did not nullify the disciplinary violation once the officers who were involved in the incident were found guilty of falsifying documents related to that particular incident.

There is no direct evidence as to what type of discipline was imposed on plaintiff as a result of the disciplinary.  See Doc. # 184 n. 15.; Doc. #179 at 71, 99-100, Pl. Ex. #3, and 7.  However, plaintiff has filed a post trial motion in which he states that he received a 30 day punitive sentence.   See Doc. #487.

To establish a due process claim under the circumstances of this case,  plaintiff must demonstrate that he had a protected liberty interest which would entitle him to due process.  *Nativi-Gomez v. Ashcroft*, 344 F.3d 805, 808 (8th Cir. 2003).   A protected liberty interest may arise from either the Due Process Clause of the United States Constitution, itself, or from a state-created statutory entitlement.  *Senty-Haugen v. Goodno*, 462 F.3d 876 (8th Cir. 2006).

The Supreme Court stated in *Sandin v. Conner*, 515 U.S. 472,  115 S.Ct. 2293, 2300-02, 132 L.Ed.2d 418 (1995) that the Due Process Clause did not protect a  liberty interest in remaining free from administrative segregation or protective custody for a 30 day period.  In addition, the Supreme court stated that the right to due process  under a state-created statutory entitlement is "generally limited to freedom from restraint which … imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484, 115 S.Ct. at 2300.   Moreover, there is no liberty interest in having " prison officials follow prison regulations." *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003).

With the exception of  periods of extraordinary duration in segregation, the Court of Appeals for the Eighth Circuit has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*."  *Portley-El v. Brill,* 288 F.3d 1063, 1065 (8th  Cir. 2002); *see also Kennedy v. Blankenship*, 100 F.3d 640, 642 n. 2, 643 (8th Cir. 1996) (placement in punitive isolation was not an atypical and significant deprivation even though the prisoner faced restrictions in privileges regarding mail, telephone, visitation,

commissary, and personal possessions); *Phillips v. Norris*, 320 F.3d at 847 (demotion to segregation, even without cause, is not itself an atypical and significant hardship; absence of contact visitation, exercise privileges, and chapel rights for 37 days did not constitute an atypical and significant hardship). Plaintiff's 30-day punitive sentence did not pose a significant hardship and was not atypical in relation to the ordinary incidents of prison life.

Plaintiff's motion for reconsideration (#487) is denied and his due process claim against Clark is dismissed.

To the extent that this finding is in conflict with the October 5, 2005 proposed findings and recommended disposition adopted by the Court as its own findings on November 10, 2005, that adoption is modified to include the above.

IT IS SO ORDERED THIS  2  day of  February, 2007.

James M. Moody
United States District Court